IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOSHUA JORDAN, | ) | Case No.: 4:25-cv-913-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PAYMENT SAVER, LLC, and CASEY | ) | |
| GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. (DE 22.)[1] The Report addresses Defendants Payment Saver, LLC, and Casey Graham's Motion to Dismiss for Lack of Personal Jurisdiction. (DE 13.) The Report recommends that the motion be granted in part and that this action be transferred to the United States District Court for the Northern District of Georgia. (DE 22.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## A.      Background

The Report sets forth the relevant facts and legal standards which the Court incorporates without a complete recitation. The Court provides this summary as a brief background.

Plaintiff Joshua Jordan, proceeding pro se, filed this action against Defendants Payment Saver, LLC, and Casey Graham, asserting claims for tortious interference with contracts and business relationships and for false or misleading representations under the Lanham Act, 15 U.S.C. § 1125(a). (DE 1; DE 22 at 1.) The claims arise from LinkedIn posts allegedly published by Graham, Payment Saver's CEO, concerning the business practices of Prehired, LLC, a company formerly operated by Plaintiff. (DE 1 ¶¶ 12, 18, 21–26; DE 22 at 2–3.) Plaintiff alleges the posts caused substantial business losses and interfered with Prehired's contractual relationships with its customers. (DE 1 ¶¶ 22–26; DE 22 at 3.)

Plaintiff is a resident of South Carolina. (DE 1 ¶ 5; DE 22 at 2–3.) Graham is a resident of Georgia, and Payment Saver is a Georgia limited liability company with its principal place of business in Cumming, Georgia. (DE 22 at 2–3.) Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(2), arguing that they lack sufficient contacts with South Carolina to support this Court's exercise of personal jurisdiction. (DE 13; DE 22 at 1, 4.) Plaintiff opposed the motion and requested, in the alternative, that the Court transfer the case rather than dismiss it if personal jurisdiction was lacking. (DE 18; DE 22 at 12.)

**B.      Report and Recommendation**

On April 10, 2026, the Magistrate Judge issued the Report recommending the motion be granted in part because Plaintiff failed to make a prima facie showing that this Court may exercise either specific or general personal jurisdiction over Defendants. (DE 22 at 4–12.) Rather than dismissing the action, however, the Report recommends transferring the case to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1406(a). (*Id*. at 12–13.)

As to specific jurisdiction, the Report explains that Graham's LinkedIn posts do not establish sufficient contacts with South Carolina. Applying Fourth Circuit authority governing internet-based contacts, the Report finds that Plaintiff failed to show that Defendants directed electronic activity into South Carolina or manifested an intent to target a South Carolina audience. (*Id*. at 7–9.) The Report notes that the posts did not mention South Carolina, did not state that Prehired was a South Carolina company, and were directed generally toward Prehired's clients or potential future clients rather than toward South Carolina readers. (*Id*. at 8–9.) The Report also concludes that Plaintiff's alleged injury in South Carolina, without more, does not satisfy the effects test because Plaintiff did not show that Defendants expressly aimed the alleged tortious conduct at South Carolina or otherwise connected themselves to the forum in a meaningful way. (*Id*. at 9–10.)

As to general jurisdiction, the Report concludes that Defendants' contacts with South Carolina are not so continuous and systematic as to render them essentially at home in this State. (DE 22 at 10–12.) The Report observes that Graham resides in

3

Georgia and that Payment Saver is a Georgia limited liability company with its headquarters and principal place of business in Cumming, Georgia. (*Id.* at 2–3, 10–11.) Although Plaintiff pointed to alleged South Carolina employees, possible South Carolina customers, and South Carolina citizenship of certain members or beneficiaries associated with one of Payment Saver's members, the Report finds those facts insufficient to establish general jurisdiction. (*Id.* at 10–12.) The Report also explains that the citizenship of an LLC's members may be relevant to diversity jurisdiction, but it does not control the separate due process analysis for personal jurisdiction. (*Id.* at 11–12.)

Finally, the Report recommends transfer rather than dismissal. The Report explains that when a court lacks personal jurisdiction, 28 U.S.C. § 1406(a) permits the court, in the interest of justice, to transfer the case to a district where it could have been brought. (DE 22 at 12.) Because Graham resides in Cumming, Georgia, and Payment Saver's headquarters and principal place of business are located there, the Report concludes that transfer to the United States District Court for the Northern District of Georgia is appropriate. (*Id.* at 13.)

## C.    **Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4

(4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party filed objections to the Report. In the absence of specific objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. *See Diamond*, 416 F.3d at 315. Upon review, the Court finds none.

**E.    Conclusion**

After a thorough review of the Report, the record, and the applicable law, the Court finds no clear error and adopts the Report and Recommendation. (DE 22.) Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (DE 13) is **GRANTED IN PART** to the extent the Court finds that it lacks personal jurisdiction over Defendants. Rather than dismissing the action, however, the Court concludes that transfer is appropriate under 28 U.S.C. § 1406(a).

IT IS, THEREFORE, ORDERED that this action, Civil Action No. 4:25-cv-913-JD, is **TRANSFERRED** to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED.**

Florence, South Carolina
May 27, 2026

Joseph Dawson, III
United States District Judge

6